Jamisen A. Etzel (PA 311554)
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
T: (412) 322-9243
jamisen@lcllp.com

Carolyn H. Cottrell (SBN 166977)*
Ori Edelstein (SBN 268145)*
Robert E. Morelli, III (Tenn. BPR No. 037004)*
**SCHNEIDER WALLACE
COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com

*Attorneys for Plaintiff, Collective and Class*
*\*Pro Hac Vice Applications Forthcoming*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAYLOR ELLIS, on behalf of himself and the Collective and Class,<br><br>     *Plaintiff*,<br><br>    v.<br><br>ASPLUNDH TREE EXPERT, LLC, and UTILITY TREE SERVICE, LLC,<br><br>     *Defendants*. | Case No. 2:26-cv-05088<br><br>**CLASS AND COLLECTIVE COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1) FAIR LABOR STANDARDS ACT;**<br><br>**(2) Failure to Pay Overtime Compensation (Violation of ORS § 653.261 and OAR 839-020-0030);**<br><br>**(3) Failure to Provide or Make Available Meal and Rest Periods (Violation of OAR 839-020-0050); and**<br><br>**(4) Unlawful Deductions of Wages (Violation of ORS § 652.610).**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Taylor Ellis ("Plaintiff"), on behalf of himself and all other similarly situated individual Collective and Class Members, alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this action on behalf of himself and other similarly situated individuals who have worked for Asplundh Tree Expert, LLC ("Asplundh Tree Expert") and/oror Utility Tree Service, LLC ("Utility Tree Service") (collectively "Defendants") as non-exempt, hourly employees to challenge Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and Oregon state wage and hour laws.

2.    This is a collective and class complaint against Defendants to challenge their policies and practices of: (1) failing to pay Plaintiff, Collective, and Class Members overtime wages for all hours worked; (2) failing to authorize and permit Plaintiff, Collective, and Class Members the timely, compliant meal and rest periods to which they are entitled by law; and (3) unlawfully deducting wages from Plaintiff, Collective, and Class Members.

3.    Plaintiff, Collective, and Class Members are current and former employees who worked for Asplundh Tree Expert and/or Utility Tree Service as non-exempt hourly employees throughout the United States.

4.    Plaintiff seeks full compensation on behalf of himself and the Collective and Class Members for all unpaid wages, including unpaid overtime. Plaintiff also seeks declaratory relief. Finally, Plaintiff seeks reasonable attorneys' fees and costs under the FLSA, seeks damages in an amount that exceeds $75,000.00, as well as other relief requested herein.

## SUBJECT MATTER JURISDICTION AND VENUE

5.    This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically

the FLSA, 29 U.S.C. § 201, *et seq*. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

6.     The FLSA authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331.

7.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all material times Defendants have been actively conducting business in the State of Pennsylvania and within the geographic area encompassing the Eastern District of Pennsylvania judicial district, and Asplundh Tree Expert, LLC is headquartered in this District.

**PARTIES**

8.     Plaintiff Taylor Ellis is an individual over the age of eighteen, and at all times mentioned in this Complaint is a resident of the State of Oregon.

9.     Plaintiff was employed by the Defendants as a Foreman from approximately May 22, 2020 to September 6, 2025 in Oregon, and from approximately September 7, 2025 to November 24, 2025 in California.

10.    Asplundh Tree Expert, LLC is a vegetation management company headquartered in Willow Grove, Pennsylvania. Asplundh Tree Expert is registered to do business in Pennsylvania, does business in Pennsylvania and employs and/or employed hourly, non-exempt employees, including Plaintiff, Collective, and Class Members. According to Defendant's website, the Asplundh family of companies employs approximately 36,000 individuals throughout the United States, Canada, Australia, and New Zealand. Defendant Asplundh Tree Expert, LLC may be served with process by serving its registered agent in Pennsylvania, Corporation Service Company, 680 Blair Mill Rd, Horsham, PA 19044-2223.

COMPLAINT AND DEMAND FOR JURY TRIAL
*Ellis, Taylor v. Asplundh Tree Expert, LLC, et al.*

11.     Utility Tree Service, LLC is a company specializing in utility line clearance work headquartered in Redding, California. Utility Tree Service is actively registered with the U.S. Department of Transportation as a carrier entity with its principal place of business located in Willow Grove, Pennsylvania. Utility Tree Service is registered to do business in Pennsylvania, does business in Pennsylvania and employs and/or employed hourly, non-exempt employees, including Plaintiff, Collective, and Class Members. Defendant Utility Tree Service, LLC may be served with process by serving its registered agent in Pennsylvania, Corporation Service Company, 708 Blair Mill Road, Willow Grove, PA 19090.

12.     Defendants employ and/or employed Plaintiff, Collective, and Class Members because Defendants, directly or indirectly, control the employment terms, including pay practices of Plaintiff, Collective, and Class Members.

13.     Plaintiff is informed, believes, and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to Defendants, acting through their agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

14.     Plaintiff is informed, believes, and thereon alleges that Defendants directly control the operations of their agents, managers, and employees throughout all of their job sites across the United States.

15.     Plaintiff is informed, believes, and thereon alleges that Defendants in some manners intentionally, negligently, or otherwise are responsible for the acts, omissions, occurrences, and transactions alleged herein.

16.     At all material times, Defendants are an employer within the meaning of the FLSA

3

under 29 U.S.C. § 203(d).

17.     At all material times, Defendants are an employer within the meaning of ORS § 653.010.

18.     At all material times, Defendants have been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

19.     At all material times, Plaintiff, Collective, and Class Members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

20.     At all material times, Plaintiff, Collective, and Class Members were and are employees of Defendants within the meaning of ORS § 653.010.

21.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of § 203(s)(1) of the FLSA because Defendants have and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

22.     Defendants act as employers of Plaintiff, Collective, and Class Members because Defendants, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

23.     Here, Defendants have, and continue to have, an annual gross business volume of not less than $500,000.00, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

24.     In addition to Plaintiff, Defendants have employed numerous other employees, who like Plaintiff, are engaged in interstate commerce. Further, Defendants are engaged in interstate commerce since they provide goods and services across the country and conduct business deals with businesses across state lines.

25.     At all material times, Plaintiff, Collective, and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

4

## FACTUAL ALLEGATIONS

26.    Asplundh Tree Expert, LLC is a Pennsylvania limited liability company headquartered in Willow Grove, Pennsylvania which performs tree pruning and removals, right-of-way clearing and maintenance, vegetation management with herbicides, emergency storm work and logistical support. Asplundh Tree Expert, LLC is the employer listed on at least one of Plaintiff's paystubs. Asplundh Tree Expert, LLC is also the listed employer on Plaintiff's W2.

27.    Utility Tree Service, LLC is a Pennsylvania limited liability company that conducts business in California and provides utility line clearance services to serve utility partners, municipalities, and various agencies. Utility Tree Service, LLC is the employer listed on at least one of Plaintiff's paystubs. Upon information and believe, Asplundh Tree Expert, LLC is the Parent Company of Utility Tree Service, LLC.

28.    Upon information and belief, Defendant Asplundh Tree Expert is responsible for the work rules and directions governing the manner, means, and methods of performance of duties and the grounds for discipline for Plaintiff, Collective, and Class Members. Upon information and belief, Defendant Utility Tree Service is a subsidiary of Defendant Asplundh Tree Expert which supervises the performance of these duties performed by Plaintiff, Collective, and Class Members during their day-to-day operations. Defendants are responsible for the scheduling of the Plaintiff, the Collective, and the Class Members' work hours at their vegetation management service locations across the United States. At all times relevant, Defendants have authority to control essential terms and conditions of employment for Plaintiff, Collective, and Class Members, including overtime policies and procedures.

29.    Defendants employ over one hundred hourly non-exempt workers similarly situated to Plaintiff across their locations in the United States.

30.     Plaintiff Taylor Ellis worked for Defendants as a Foreman across several vegetation maintenance sites in Oregon and California. Plaintiff worked from approximately May 22, 2020 to September 6, 2025 in Oregon, and from approximately September 7, 2025 to November 24, 2025 in California.

31.     Defendants pay Plaintiff, Collective, and Class Members on an hourly rate basis. Plaintiff was classified as a non-exempt employee and was paid a rate of approximately $49.34 per hour.

32.     Although Plaintiff's shifts varied in length, he usually worked approximately ten (10) hours or more per shift for approximately six (6) days per week.

33.     In Plaintiff's role, his primary responsibilities included (i) safely pruning and maintaining vegetation around power lines; (ii) removing trees near power lines to prevent outages and hazards; and (iii) using specialized gear such as bucket trucks, chainsaws, and climbing equipment.

34.     Plaintiff, Collective, and Class Members were subjected to Defendants' time, pay, overtime, meal and rest break policies and practices.

35.     Defendants routinely required Plaintiff, Collective, and Class Members to perform work off-the-clock and without compensation. Upon information and belief, Plaintiff, Collective, and Class Members are not compensated for time worked off-the-clock, including during meal and rest breaks, as well as before clocking in and after clocking out. Plaintiff, Collective, and Class Members write their clocking in/out times on a timesheet, submit those timesheets via excel, and Defendants auto-deduct 30-minutes from their time even on days when they were unable to take their purported 30-minute duty-free, uninterrupted meal break. As a result of Defendants' policies and practices, Plaintiff, Collective, and Class Members were deprived of minimum wage

6

compensation for all hours worked. Due to these unlawful practices, Defendants fail to pay Plaintiff, Collective, and Class Members all wages owed.

36. Defendants know or should know that Plaintiff, Collective, and Class Members are entitled to receive certain wages for overtime compensation and that they are not receiving all wages for overtime compensation. Upon information and belief, Plaintiff, Collective, and Class Members are not compensated at overtime rates for off-the-clock work, including during meal breaks and work performed before clocking in and after clocking out, that occurs on days when they work more than eight (8) hours in a day or on weeks when they work more than forty (40) hours in a week. For example, Plaintiff, Collective, and Class Members did not receive proper wages for off-the-clock work that they were required to participate in, including coming in at 6:45 a.m. to prepare the trucks for fifteen (15) minutes before being allowed to clock in at 7:00 a.m. Likewise, Plaintiff, Collective, and Class Members are also not compensated at overtime rates for off-the-clock work when they had to complete paperwork after shifts during hotel stays averaging two (2) to three (3) days of the week, and taking around one (1) hour each night to complete paperwork.

37. Ultimately, Defendants do not compensate Plaintiff, Collective and Class Members for this time worked by employees for Defendants' benefit.

38. Defendants set the firing and hiring criteria at locations under their control. Defendants advertise for open positions, including non-exempt hourly positions throughout the United States.

39. Collective and Class Members were and are employed by Defendants and perform work materially similar to Plaintiff.

40. Plaintiff, Collective, and Class Members report to locations owned, operated, or

COMPLAINT AND DEMAND FOR JURY TRIAL
*Ellis, Taylor v. Asplundh Tree Expert, LLC, et al.*

managed by Defendants to perform their jobs.

41.    Plaintiff, Collective, and Class Members perform their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

42.    Plaintiff, Collective, and Class Members are required to follow and abide by common work, time, pay, meal and rest break, and overtime policies and procedures in the performance of their jobs.

43.    At the end of each pay period, Plaintiff, Collective, and Class Members receive wages from Defendants that are determined by common systems and methods that Defendants select and control. Defendants pay Plaintiff, Collective, and Class Members on an hourly rate basis.

44.    Plaintiff, Collective, and Class Members worked more than forty hours in at least one workweek during the three-year period prior to the filing of this Complaint.

45.    When Plaintiff, Collective, and Class Members worked more than forty hours in a workweek, Defendants did not pay them one and one-half times their regularly hourly rate for all overtime hours worked due to Defendants' failure to include time worked off-the-clock in the total hours worked in a given workweek. This unpaid time is compensable at an overtime rate under the FLSA and Oregon state wage and hour laws, because Plaintiff, Collective, and Class Members were not compensated for all time worked due to work completed for the benefit of Defendants while off-the-clock.

46.    When Plaintiff, Collective, and Class Members performed work, Defendants failed to pay them overtime wages due to Defendants' failure to include time worked during meal periods and work done outside of their normal shift times, as described herein. This unpaid time is compensable under the FLSA and Oregon state wage and hour laws because (1) Plaintiff,

Collective, and Class Members were not completely relieved of their duties and the breaks were primarily for the employers' benefits, and (2) Plaintiff, Collective, and Class Members skipped or cut short meal periods due to work demands.

47.    Throughout the relevant time period, Defendants expected and required Plaintiff, Collective, and Class Members to be available to work during their entire shifts, including during purported meal breaks. This time spent working while off-the-clock constitutes compensable time under the FLSA and Oregon state wage and hour laws which require that employers compensate employees for all time worked.

48.    Defendants have employed hundreds of people similarly situated to Plaintiff during the three-year period prior to the filing of this Complaint.

49.    Defendants' method of paying Plaintiff, Collective, and Class Members was willful, and they cannot demonstrate a good faith basis as to the belief that their conduct of underpaying wages complied with the FLSA and the State of Oregon wage and hour laws.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

50.    Plaintiff Taylor Ellis brings this First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and a proposed collection of similarly situated employees defined as:

> **All current and former non-exempt employees who worked at least one full time work week for Asplundh Tree Expert, LLC and/or Utility Tree Service, LLC throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action (the "Collective").**

51.    Plaintiff Taylor Ellis, individually and on behalf of other similarly situated persons defined above, seek relief on a collective basis challenging Defendants' policies and practices of failing to accurately record all hours worked and failing to properly pay for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet

to opt-in and consent to be party-plaintiffs may be determined from Defendants' records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

52.     Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

53.     The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock" and without compensation in violation of the FLSA.

54.     Plaintiff Taylor Ellis is a representative of the members of the Collective and is acting on behalf of their interests as well as his own interest in bringing this action.

55.     Plaintiff Taylor Ellis will fairly and adequately represent and protect the interests of the members of the Collective. Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collection action litigation.

56.     The similarly situated members of the Collective are known to Defendants, are readily identifiable, and may be located through Defendants' records.  These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

57.     Plaintiff contemplates providing a notice or notices to all of the employees, as approved by the Court, to be delivered via United States Mail and other means. The notice or notices shall, among other things, advise each of the FLSA employees that they shall be entitled to "opt in" to the FLSA Action if they so request by the date specified within the notice, and that

any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA Collective Members who timely request inclusion in the class.

## CLASS ACTION ALLEGATIONS

58.    Plaintiff bring causes of action as a class action on behalf of himself and all others similarly situated pursuant to Oregon Rule of Civil Procedure 32 ("ORCP 32"). The Oregon Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly, non-exempt employees employed by Defendants in Oregon at any time starting six (6) years prior to the filing of this Complaint until final resolution of this action (the "Class").**

59.    Plaintiff reserves the right to establish additional subclasses as appropriate.

60.    This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

61.    **Numerosity**: The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of Class Members exceeds 40. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendants.

62.    **Commonality**: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

11

i. Whether Defendants failed to compensate Class Members for all hours worked, including at minimum wage, overtime and/or double time compensation, in violation of Oregon law;

ii. Whether Defendants have policies and/or practices of requiring Class Members to be in the control of Defendants, spend time primarily for the benefit of Defendants, and work for Defendants off-the-clock and without compensation in violation of Oregon law;

iii. Whether Defendants failed to authorize and permit, make available, and/or provide Class Members with compliant meal periods to which they are entitled in violation of Oregon law;

iv. Whether Defendants failed to provide Class Members with timely, accurate itemized wage statements in violation of Oregon law;

v. Whether Defendants violated Oregon law by:

   a. Failing to compensate Class Members for all hours worked, including at minimum wage and overtime wage compensation;

   b. Failing to make available and provide Class Members with compliant meal and rest periods to which they are entitled;

   c. Failing to provide Class Members with timely, accurate itemized wage statements; and

vi. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

63.  **Typicality**: Plaintiff's claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein caused Plaintiff and Class

Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

64.    **Adequacy of Representation**: Plaintiff seeks relief for state law violations perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Class Members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

65.    **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

66.    In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

67.    If each individual Class Member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

COMPLAINT AND DEMAND FOR JURY TRIAL
*Ellis, Taylor v. Asplundh Tree Expert, LLC, et al.*

68.    Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

## FIRST CAUSE OF ACTION
### Failure to Pay Overtime
### Violations of ORS § 653.261 and OAR 839-020-0030
### (Plaintiff and on Behalf of the Class)

69.    Plaintiff incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

70.    Pursuant to ORS § 653.261, Defendants are required to pay Plaintiff and Class members one and one-half times their regular rate of pay for all hours worked in excess of forty in a given workweek, when those wages were due, but willfully failed to do so.

71.    Plaintiff and Class Members are entitled to recover unpaid overtime under Oregon law for unpaid meal breaks during which they were interrupted, on-duty, or otherwise subject to interruption.

72.    Plaintiff and Class Members are also entitled to declaratory relief stating Defendants violated the statute, and continue to violate the statute, by incorporating and continuing to utilize the automatic time deduction policy as described above, during weeks in which Plaintiff and Class Members work or worked at least forty hours.

73.    Plaintiff and Class Members who are within the applicable statute of limitations are entitled to collect the difference between wages received then due and the overtime wages due in an amount to be proven at trial, together with attorney fees, costs and disbursements, as well as pre- and post-judgment interest at the rate of 9% per annum. *See* ORS § 652.200; ORS § 82.010.

74.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Violations for Unpaid Meal Periods**
**Pursuant to OAR 839-020-0050**
**(Plaintiff and on Behalf of the Class)**

75.    Plaintiff re-alleges and incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

76.    Throughout the relevant time period. Defendants regularly work Plaintiff and Class Members through unpaid meal periods. Plaintiff's and Class Members' schedules regularly prevent them from taking uninterrupted and/or duty-free meal periods throughout the day because of Defendants' pressure to meet stringent performance goals. As such, Plaintiff and Class Members do not receive compliant meal periods as required by Oregon law.

77.    OAR Chapter 839 requires employers to provide employees, for each work period of not less than six or more than eight hours, a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties.

78.    Under OAR Chapter 839, an employer who fails to authorize, permit, and/or make available a required meal period must pay the employee for the entire 30-minute meal period. Such unpaid meal period compensation constitutes wages, and Defendants' failure to pay those wages gives rise to applicable statutory penalties.

79.    Despite these requirements, Defendants often knowingly and willfully required, suffered, and/or permitted Plaintiff and Class Members to work during their unpaid meal periods without pay. Defendants' conduct described herein violates OAR Chapter 839. Therefore, Plaintiff and Class Members are entitled to compensation for the failure to authorize and permit and/or make available meal periods, plus interest, attorneys' fees, expenses, and costs of suit.

80.    As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

81.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Unlawful Deductions of Wages**
**Violations of ORS § 652.610**
**(Plaintiff and on Behalf of the Class)**

82.     Plaintiff re-alleges and incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

83.     Defendants deducted wages from Plaintiff and Class Members for unidentified deductions, namely for deducting wages in the form of failing to compensate Plaintiff and Class Members for off-the-clock work performed. Said withholdings were unauthorized and in violation of ORS 652.610.

84.     As a result of Defendants' wrongful withholdings, Plaintiff and Class Members are entitled to actual damages or $200 per violation, whichever is greater, for each violation pursuant to ORS 652.615. Defendants are liable for unpaid wages and liabilities for unlawful deductions from wages for a period of six years from the date the wages were earned. ORS 12.080(1).

85.     Because of Defendants' failure to pay Plaintiff's and Class Members' wages within 48 hours after they were due, Plaintiff and Class Members are entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS 652.200.

86.     Because of Defendants' wrongful withholding from Plaintiff's and Class Members' wages, Plaintiff and Class Members are entitled to recover costs, disbursements and a reasonable sum for attorney fees, pursuant to ORS 652.615, plus pre- and post-judgment interest incurred herein.

87.     As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

88.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**RELIEF SOUGHT**

89.    Plaintiff and Class Members are entitled to recover their unpaid overtime wage compensation.

90.    Plaintiff and Class Member are entitled to recover back wages for meal period violations for 30 minutes at their regular hourly rate of pay for each day worked.

91.    Plaintiff and Class Members are entitled to recover costs, disbursements and a reasonable sum for attorney fees, pursuant to ORS 652.615, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

92.    Plaintiff and Class Members are entitled to declaratory relief stating Defendants' actions as described herein were and are unlawful.

**PRAYER**

93.    For these reasons, Plaintiff and the Class respectfully request that judgment be entered in their favor awarding the following relief:

   i.   An order preventing Defendants from retaliating in any way against Plaintiff and any Class Member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

   ii.  An order certifying the asserted claims, or issues raised, as a class action;

   iii. An order finding that Defendants violated Oregon law;

   iv.  All unpaid regular wages due under Oregon law;

   v.   All unpaid overtime wages due under Oregon law;

   vi.  All attorneys' fees, costs and disbursements as provided by Oregon law;

   vii. Pre- and post-judgment interest in the amount of 9% per annum as provided by Oregon law; and

COMPLAINT AND DEMAND FOR JURY TRIAL
*Ellis, Taylor v. Asplundh Tree Expert, LLC, et al.*

viii.   Such other and further relief to which Plaintiff and Class Members may be entitled at law or in equity.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: July 21, 2026

Respectfully submitted,

*/s/ Jamisen A. Etzel*
Jamisen A. Etzel (PA 311554)
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
T: (412) 322-9243
jamisen@lcllp.com

Carolyn H. Cottrell (SBN 166977)*
Ori Edelstein (SBN 268145)*
Robert E. Morelli, III (Tenn. BPR No. 037004)*
**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com

*Attorneys for Plaintiff and the Class*
*Admission pro hac vice anticipated*

COMPLAINT AND DEMAND FOR JURY TRIAL
*Ellis, Taylor v. Asplundh Tree Expert, LLC, et al.*